# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5062 | **DATE** | 10/18/2004 |
| **CASE TITLE** | Brian Bafia vs. Jerry Graber | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Bafia's petition for writ of habeas corpus is dismissed, without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 19 2004 | |
| | Notified counsel by telephone. | date docketed | 8 |
| ✓ | Docketing to mail notices. | GMA docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 2004 OCT 18 PM 3:52 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN BAFIA, )
)
Plaintiff, )
)
vs. ) 04 C 5062   **DOCKETED**
)
JERRY GRABER, Warden, )   OCT 1 9 2004
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the petition of Brian Bafia ("Bafia") for a writ of habeas corpus. For the reasons set forth below, the petition is denied.

## BACKGROUND

Bafia is currently in the custody of the Metropolitan Correctional Center in Chicago, Illinois. Respondent Jerry Graber ("Warden Graber") is the facility's warden. Bafia was sentenced on May 23, 1989, in the United States District Court for the Northern District of Illinois, to a 188-month term of imprisonment, with a consecutive 60-month sentence, for conspiring to distribute cocaine in violation of 21 U.S.C. § 846 (Count Two of the indictment), extortion in violation of 18 U.S.C. § 894 (Count Eleven



of the indictment), and use of a firearm, in relation to the extortion and drug conspiracy, in violation of 18 U.S.C. § 924(c) (Count Twelve of the indictment).

Count Two was a "guidelines" count, charging criminal activity occurring both before and after the November 1, 1987 U.S. Sentencing Guidelines Manual's effective date. The criminal conduct charged in Count Eleven occurred over a period from November 1986 until March 1987. The criminal conduct charged in Count Twelve occurred on March 3, 1987; both crimes were completed prior to the promulgation of the sentencing guidelines on November 1, 1987. The 188-month sentence imposed on Counts Two and Eleven were made concurrent to each other, a 60-month prison term was imposed on Count Twelve, which was imposed consecutively to the sentence on Counts Two and Eleven, as required by law.

Because Count Two was a "guidelines" sentence and Count Eleven was an "old law" sentence, the sentence on Count Two was the later of the two concurrent sentences to expire before the mandatory 60-month sentence on Count Twelve began to run. The sentence on Count Two was completed on May 24, 2002. Bafia currently has a scheduled release date of July 21, 2005.

Bafia brings the present petition contending that the Bureau of Prisons ("BOP") has not correctly calculated and awarded the good conduct time ("GCT") credit he believes is due him pursuant to 18 U.S.C. § 3624(b). According to Bafia, he should

be credited with 54 days of GCT rather than the 47 days GCT he claims he has received, on the basis of the sentence imposed rather than the time served under the sentence.

## LEGAL STANDARD

Challenges to the computation of a sentence must be brought under 28 U.S.C. § 2241. Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997). The court starts with the general, though not absolute, rule that parties must exhaust prescribed administrative remedies before seeking relief from the federal courts under § 2241. Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004). In limited circumstances, district courts have discretion to excuse petitioners from using the administrative process. Id. In exercising that discretion, the court must balance the individual and institutional interests involved, taking into account "the nature of the claim presented and the characteristics of the particular administrative procedure provided." McCarthy v. Madigan, 503 U.S. 140, 146, 112 S. Ct. 1081, 1087 (1992). Courts have recognized that individual interests outweigh institutional concerns when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite time frame for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency

is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. Id.; see Iddir v. INS, 301 F.3d 492, 498 (7th Cir. 2002); see also Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986). With these considerations in mind, we now turn to Bafia's petition for writ of habeas corpus.

## DISCUSSION

Bafia argues that the BOP is not following the directives of Congress when it computes GCT. Bafia's position is that the amount of GCT to which he is entitled is 54 days for each year of his sentence imposed under the "new law" and 120 days for each year of his sentence imposed under the "old law." Thus, Bafia contends, on a 188-month sentence, an "old law" prisoner must be released after having served 126 months, and a "new law" prisoner must be released after having served 156 months.

Warden Graber counters that the BOP computes GCT in a manner consistent with the language of 18 U.S.C. § 3624. Warden Graber contends that the BOP, pursuant to 18 U.S.C. § 3624(b), allows each eligible federal inmate to earn up to 54 days GCT for each year served, with the award of a prorated amount of GCT for time served between the completion of an inmate's last full year of incarceration and the inmate's release (subject to disallowance for disciplinary infractions). 28 C.F.R. § 523.20. Warden Graber contends that Bafia should first address his concerns through the BOP's administrative remedy process, rather than seeking untimely relief with his

current petition. We agree with Warden Graber's assertion that Bafia should first exhaust the BOP's administrative remedy process, and therefore, we need not address at this time whether the BOP computes GCT in a manner that is consistent with the language of 18 U.S.C. § 3624.

The BOP has a three-level administrative remedy process. See 28 C.F.R. § 10-19. This process allows an inmate to seek formal review of a complaint related to any aspect of the inmate's imprisonment. The first step is to file a complaint at the institutional level. Id. Should the institution deny the complaint, the inmate may appeal the decision by filing a complaint with the appropriate regional office of the BOP. Id. If the regional office denies the complaint, the inmate can appeal the decision to the BOP Office of the General Counsel in Washington, D.C. Id. Only after the Office of the General Counsel addresses the administrative remedy is the process completely exhausted. Id.

Here, there is no dispute that Bafia chose not to exhaust his available administrative remedies. In fact, Bafia chose to forego the administrative process altogether and has instead sought relief from this court via a habeas corpus petition. Bafia has not, however, shown that he will be prejudiced in any way by pursuing the administrative remedy process, or that his situation is one that is addressed by any

judicially recognized exception that would excuse exhaustion. See Gonzalez, 355 F.3d at 1016; Iddir, 301 F.3d at 498; Sanchez, 792 F.2d at 697.

While Bafia urges that progressing through the administrative process would be a waste of time, he does not provide an adequate rationale to explain why this would be the case. Bafia contends that requiring the exhaustion of administrative remedies: (1) causes him prejudice due to the indefinite time frame for administrative action; (2) is not necessary in this case because the BOP lacks the ability or competence to resolve the issue or grant the relief requested in light of the Government's conduct and arguments in this case and in White v. Scibana, 314 F. Supp. 2d 834 (W.D. Wis. 2004)[1]; and (3) is also excused because pursuing administrative remedies would be futile because the outcome has been predetermined, as evidenced by the Government's conduct and arguments in this case and in White. Id.

Bafia's position is not well-served by blanket assertions of prejudice, by his allegations of the BOP's inability or incompetence, or by his argument of futility. An inmate must offer more than unsupported predictions that the administrative process

---

[1] In White, a decision not binding on this court, the District Court for the Western District of Wisconsin granted White's petition for a writ of habeas corpus, concluding that 18 U.S.C. § 3624(b) is not ambiguous, and that the BOP's interpretation of § 3624(b), which applies GCT credit only to time served by an inmate, is inconsistent with the unambiguous language of the statute. White, 314 F. Supp. 2d at 841.

will prove to be futile. It is well established that a petitioner, with a statutory argument as the one here, "that has a reasonable prospect of affording him relief may not skip the administrative process and go straight to federal court by simply reconstituting his claim as constitutional and claiming futility." Gonzalez, 355 F.3d at 1018; see Mojsilovic v. INS, 156 F.3d 743, 748 (7th Cir. 1998). The mere fact that Warden Graber has asserted a certain position regarding the present petition, or that the Government has proffered a similar argument in a different case, does not unequivocally mean that the administrative process will be a complete waste of time. Because none of the judicially recognized exceptions apply in the present situation, the exhaustion requirement remains intact. Thus, it is premature to address the merits of Bafia's petition.

## CONCLUSION

Based on the foregoing analysis, Bafia's petition for writ of habeas corpus is dismissed, without prejudice.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: OCT 1 8 2004